UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IBT, Inc., <br> a Missouri corporation, <br> <br> Plaintiff, <br> <br> vs. <br> <br> ALLIANZ GLOBAL RISKS US <br> INSURANCE COMPANY, <br> an Illinois corporation, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF IBT, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff IBT, Inc. ("IBT"), for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, states:

### I. NATURE OF THE ACTION AND RELIEF SOUGHT

1. IBT brings this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 for the purpose of determining its rights as an Additional Insured under an insurance policy issued by Defendant Allianz Global Risks US Insurance Company ("Allianz").

2. IBT seeks a declaration that Allianz has a duty to defend and indemnify IBT in an underlying lawsuit brought by Gene Oliver against IBT and others, which is pending in the Circuit Court of Pettis County, State of Missouri, being *Gene Oliver v. IBT, Inc., et al.*, Case Number 17PT-CC00196 (Mo. Cir. Ct., Pettis Cty.) ("Underlying Lawsuit").

3. IBT is entitled to a defense and indemnity in the Underlying Lawsuit from Allianz because IBT is an Additional Insured under the Allianz Policy.

4. An actual and immediate controversy exists between IBT and Allianz over IBT's right to a defense and indemnity in the Underlying Lawsuit under the Allianz Policy.

## II. THE PARTIES

5. IBT is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Kansas. Based on its state of incorporation and the principal location of its place of business, IBT is a citizen of the State of Missouri and a citizen of the State of Kansas.

6. Allianz is an Illinois corporation, with its principal place of business in Chicago, Illinois. Allianz is engaged in the business of writing insurance contracts and is licensed to conduct insurance business in the State of Missouri. Based on its state of incorporation and the principal location of its business, Allianz is a citizen of the State of Illinois.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between IBT and Allianz and the matter in controversy exceeds the sum of $75,000. The amount in controversy at issue, namely, the cost to defend and/or indemnify IBT in the Underlying Lawsuit, is in excess of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to this action occurred within this District, and because this District is where Allianz has been called upon by IBT to perform under the Allianz Policy on IBT's behalf.

### III. THE UNDERLYING LAWSUIT

9. Gene Oliver ("Oliver") brought the Underlying Action against W&M Welding, Inc., IBT, Inc., Conveyors, Inc. ("Conveyors"), Purvis Industries, LP ("Purvis LP"), Purvis Industries, LLC ("Purvis LLC"), and Forbo Siegling, LLC, d/b/a Forbo Movement Systems ("Forbo"), for injuries that he sustained on December 4, 2014 in Sedalia, Missouri, while engaged in installing a vertical conveyor system on Pittsburgh Corning Corporation's premises. The Underlying Action is pending under Oliver's Third Amended Petition, a true copy of which is attached to this Complaint as Exhibit 1.

10. Oliver pleads that Pittsburgh Corning hired IBT to design and create engineering drawings for the erection of the conveyor belt system. (Exhibit 1, ¶ 14.) Oliver also pleads that IBT contracted with Conveyors, Purvis LP, Purvis LLC, and/or Forbo to purchase the conveyor belt, buckets and appendages for the installation of the conveyor system. (Exhibit 1, ¶ 15.) Plaintiff further pleads that Conveyors, Purvis LP, Purvis LLC, and/or Forbo manufactured, designed, sold, and marketed the conveyor belt and all materials related to the attached buckets that struck and injured Oliver. (Exhibit 1, ¶¶ 3, 4, 5, 6.)

11. Oliver, in Count I of his Third Amended Petition, pleads a strict liability claim against IBT, Conveyors, Purvis LP, Purvis LLC, and Forbo in which he alleges the conveyor

belt was not strong enough to hold the load of the belt and attached buckets; the conveyor belt was not equipped with feasible safety features; the conveyor belt was not designed or manufactured with sufficient strength to be lifted in place; the conveyor belt was too thin for the intended application; the defendants failed to provide appropriate installation instructions; the conveyor belt severed during reasonably anticipated installation; and/or the conveyor belt violated safety rules and standards. (Exhibit 1 at 5-6.)

12. Oliver, in Count II of his Third Amended Petition, pleads a negligence claim against IBT, Conveyors, Purvis LP, Purvis LLC, and Forbo, alleging negligence in the design of the conveyor belt, in the manufacturing of the conveyor belt, in failing to test the conveyor belt, in failing to warn purchasers, owners, and users of the conveyor belt, and in failing to take action to recall and retrofit the conveyor belt. (Exhibit 1 at 7-9.)

13. Oliver, in Count III of his Third Amended Petition, pleads a failure to warn claim against IBT, Conveyors, Purvis LP, Purvis LLC, and Forbo. (Exhibit 1 at 10-11.)

14. IBT denies that it is liable to Plaintiff on his Third Amended Petition.

15. The conveyor belt that is the subject of Plaintiff's claim was shipped by Conveyors directly to the belt's purchaser, Pittsburgh Corning. At no time did IBT have possession of the belt. Moreover, IBT, which was only a supplier/distributor of the belt, did not hire or supervise any of the parties involved in the belt's installation.

## IV. THE ALLIANZ POLICY

16. Allianz issued a Commercial General Liability insurance policy to Forbo, being Policy No. CGL 2005009 ("Allianz Policy") for the policy period from March 31, 2014 to

March 31, 2015. A true and correct copy of the Allianz Policy, which was in effect on the date of the occurrence alleged in the Underlying Lawsuit, is attached to this Complaint as Exhibit 2, and incorporated by reference.

17. Forbo manufactured the conveyer belt that is the subject of the Underlying Lawsuit.

18. IBT is an Additional Insured under the Allianz Policy because it was a vendor of the conveyor belt. Specifically, the Allianz Policy contains a Vendors Endorsement that provides, in pertinent part, as follows:

### ADDITIONAL INSURED – VENDORS

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

#### SCHEDULE

| Name of Additional Insured Person(s) Or Organization(s) (Vendor) | Your Products |
|---|---|
| All vendors of "your products". | All of "your products". |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations ||

A. **Section II – Who Is An Insured** is amended to include as an additional insured any person(s) or organization(s) (referred to throughout this endorsement as vendor) shown in the Schedule, but only with respect to "bodily injury" or "property damage" arising out of "your products" shown in the Schedule which are distributed or sold in the regular course of the vendor's business.

19. The Vendors Endorsement extends coverage to all vendors of Forbo's products. Specifically, the Vendors Endorsement, by its terms, makes all vendors of Forbo's products Additional Insureds under the Allianz Policy.

### VII. IBT's Tenders

20. On November 24, 2020, IBT tendered the defense of the Underlying Lawsuit to Forbo and its insurers. A true copy of IBT's correspondence of November 24, 2020 is attached to this Complaint as Exhibit 3.

21. On May 6, 2021, IBT, having never received a response to its tender, renewed its tender to Forbo and its insurers. A true copy of IBT's correspondence of May 6, 2021 is attached to this Complaint as Exhibit 4.

22. By an email dated August 11, 2021, Allianz rejected IBT's tender. A true copy of this email, dated August 11, 2021, is attached to this Complaint as Exhibit 5.

23. On October 26, 2021, IBT requested Allianz to reconsider its rejection of IBT's tender. A true copy of the correspondence of October 26, 2021 is attached to this Complaint as Exhibit 6.

24. Allianz has not responded to IBT's request for reconsideration.

### VIII. Grounds for Declaratory Judgment

25. IBT is entitled to a declaratory judgment awarding it defense and indemnity in the Underlying Lawsuit because IBT is an Additional Insured under the Allianz Policy.

26. The Vendors Endorsement to the Allianz Policy makes IBT an Additional Insured under the Allianz Policy. All conditions for coverage under the Vendors Endorsement

are met. IBT, as a supplier/distributor of the conveyor belt, is a vendor of a Forbo product. Therefore, IBT is an Additional Insured under the Allianz Policy and is entitled to defense and indemnification in the Underlying Lawsuit from Allianz.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IBT, Inc., respectfully prays for judgment against Defendant Allianz Global Risks US Insurance Company, as follows:

a. A Declaration that IBT is an Additional Insured under the Allianz Policy;

b. A Declaration that Allianz has a duty to defend and indemnify IBT against the Underlying Lawsuit;

c. A Declaration requiring Allianz to reimburse the costs of IBT's defense as a result of the Underlying Lawsuit from November 20, 2020, which is the date on which IBT first tendered its defense to Forbo's insurers;

d. An Order awarding IBT its costs for this lawsuit; and

e. An Order awarding IBT such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ T. Michael Ward*

T. Michael Ward #32816MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 -- Facsimile
mward@bjpc.com

Attorneys for Plaintiff IBT, Inc.

#27584984.1